UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BAMBURGH MARRSH LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>JAMES WICKSTEAD, ET. AL.,<br><br>     Defendants. | Case No.  CV07-5106RBL<br><br>ORDER DENYING REMAND |

This matter comes before the Court on Plaintiff Bamburgh Marrsh LLC's motion for remand (Dkt. # 4).  The Court has considered the Motion (and Memorandum of Support) as well as Defendant James Wickstead *et. al.*'s Response (including the Declaration of James Wickstead) (Dkt. #'s 8 and 9).

James Wickstead removed the action on March 6, 2007, asserting diversity jurisdiction under 28 U.S.C. §1332.  The parties' respective citizenship supports diversity jurisdiction.

Bamburgh seeks Remand to the Clark County Superior Court under 28 U.S.C. §1447(c).  It urges the Court to strictly construe the removal statute in favor of remand, and to hold the defendant to its burden of demonstrating that removal was proper.  It argues that the Court does not have diversity jurisdiction under 28 U.S.C. §1332(a), because the amount in controversy is not demonstrably more than $75,000.

### 1.    Standard for Remand

The standards governing the resolution of this motion are well settled. Under *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir.1992) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *See also, for example, Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998). The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. At 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* At 566.

### 2.    Amount in Controversy

Here, the issue is whether the value of the potential patents, patent applications and invention technology, along with damages that the plaintiff seeks to recover will exceed $75,000. The plaintiff's original complaint specifies no specific dollar amount to be awarded.

Where it is not facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts in the removal petition and other relevant evidence submitted by the parties. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F. 3d 373, 377 (9th Cir. 1996). Where a case is removed to federal court and it is unclear from the plaintiff's state court complaint whether the plaintiff is seeking more than $75,000, the defendant must prove the existence of the amount in controversy by a preponderance of the evidence. *McCauley v. Ford Motor Co.*, 264 F. 3d 952, 957 (9th Cir. 2001). The defendant has submitted the Declaration of James Wickstead, including exhibits A and B (Dkt. #9) to support their position of removal. In such declaration, the defendant presents evidence that suggests the potential value of the inventions and patents, patent applications and copyrights related thereto could exceed $3,500,000. (Dkt. #9, exhibits A and B). Additionally, the defendant presents evidence that indicates he has invested $654,987 into the inventions and potential patents, patent applications and copyrights related thereto. *Defendant's Response to Plaintiff's Motion to Remand* (Dkt. #8).

1      The plaintiff puts forth no evidence to challenge the defendant's assertions of potential
2 value or money invested into the patents, patent applications and copyrights related thereto.  The
3 plaintiff makes no arguments why the Court should not accept the defendant's above mentioned
4 figures.  The plaintiff offers no evidence or makes no argument to suggest the value amount in
5 controversy is less than $75,000.  Their complaint is silent regarding a total dollar amount that
6 they are seeking and, they offer no evidence to dispute the defendant's claims of potential value
7 and money invested.
8      Therefore, it is hereby
9      **ORDERED** that the Plaintiff's Motion for Remand to the Clark County Superior Court is
10 DENIED.

12      Dated this 22nd day of March, 2007.

*[signature]*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE