|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BAMBURGH MARRSH LLC,

    Plaintiff,

v.

JAMES WICKSTEAD, ET. AL.,

    Defendants.

Case No.  CV07-5106RBL

ORDER OF REMAND

The Order Denying Remand (Dkt.# 12) entered by this Court on March 22, 2007 was done so prior to the plaintiff having an opportunity to file a reply to the defendants' response to the original motion for remand. As a result, such order is rescinded.

This matter comes before the Court on Plaintiff Bamburgh Marrsh LLC's motion for remand (Dkt. # 4). The Court has considered the Motion (and Memorandum of Support), Defendant James Wickstead *et. al.*'s Response (including the Declaration of James Wickstead) (Dkt. #'s 8 and 9) as well as the Plaintiff's Reply (and Memorandum of Support) (Dkt. #13) and the subsequent Declarations (Dkt. #'s 14 and 15).

Bamburgh seeks Remand to the Clark County Superior Court under 28 U.S.C. §1447(c). It urges the Court to strictly construe the removal statute in favor of remand, and to hold the defendant to its burden of demonstrating that removal was proper. It argues that the Court does not have diversity jurisdiction under 28 U.S.C. §1332(a), because the amount in controversy is not demonstrably more than $75,000.

**1.     Standard for Remand**

The standards governing the resolution of this motion are well settled.  Under *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir.1992) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court.  *See also, e.g., Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998).  The removal statute is strictly construed against removal jurisdiction.  The strong presumption against removal jurisdiction means that the defendant has the burden of establishing removal is proper.  *Conrad*, 994 F. Supp. at 1198.  It is obligated to do so by a preponderance of the evidence.  *Id.* at 1199; *see also Gaus v. Miles.*  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Id.* at 566.

**2.     Amount in Controversy**

Here, the issue is whether the value of the potential patents, patent applications and invention technology, along with damages that the plaintiff seeks to recover will exceed $75,000.  The plaintiff's original complaint specifies no specific dollar amount to be awarded.

Where it is not facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts in the removal petition and other relevant evidence submitted by the parties.  *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F. 3d 373, 377 (9th Cir. 1996).  Where a case is removed to federal court and it is unclear from the plaintiff's state court complaint whether the plaintiff is seeking more than $75,000, the defendant must prove the existence of the amount in controversy by a preponderance of the evidence.  *McCauley v. Ford Motor Co.*, 264 F. 3d 952, 957 (9th Cir. 2001).

The defendants have submitted the Declaration of James Wickstead, including exhibits A and B (Dkt. #9) to support their argument for removal.  In such declaration, the defendants present evidence that suggest the potential value of the inventions and patents, patent applications and copyrights related thereto could exceed $3,500,000. (Dkt. #9, exhibits A and B).  The defendants argue that under the "either viewpoint rule", when looking at the potential loss to the defendants, the minimum removal amount is met.  *See McCauley,* 264 F.3d 952 at 958.  The defendants also argue that they do not face an insurmountable obstacle to quantify the amount in

1  controversy when intangible harm is alleged; "the parties need not predict the trier of fact's
2  eventual award with one hundred percent accuracy." *Valdez v. Allstate Insurance Co.,* 372 F.3d
3  1115.  The defendants submit no evidence and make no argument as to what dollar amount in
4  damages or attorney fees may be recovered.  They simply state that it is likely to be in excess of
5  $75,000.

6        The plaintiff argues that the above mentioned amount regarding the pending patent
7  applications is too speculative and cannot be proved by a preponderance of evidence.  *See D and*
8  *R Party, LLC v. Party Land, Inc.,* 406 F.Supp. 2d 1382 (N.D. GA. 2005).  The plaintiff argues
9  the valuation of the intellectual property has not been demonstrated.  The patent applications have
10 not matured,  no patents have issued and the patents in question may never issue.  Additionally,
11 the plaintiff argues that the attorney fees are not likely to be over $75,000.  (Dkt. # 14).

12       This Court is convinced that the potential loss claims by the defendants are too speculative
13 and cannot be found by a preponderance of the evidence.  When looking at the "either viewpoint
14 rule", the court in *McCauley* had clear evidence that if the plaintiff prevailed, the defendants
15 would be obligated to pay out awards in excess of the $75,000.  In this case, there is no such
16 evidence.  Because no patents have been granted and the inventions have yet to be marketed, the
17 Court cannot find by a preponderance of evidence that if the defendants lose their case, they will
18 be stripped of  future royalties in excess of $75,000.  In *Simmons v. PCR Tech,* 209 F.Supp.2d
19 1029 (N.D. Cal. 2002), the court denied remand based upon potential punitive damages and lost
20 wages being over $75,000.  The court based its findings on evidence presented by the defendant
21 that showed the punitive awards in similar cases being in excess of $75,000.  The court
22 considered the amount in controversy based upon the damages that can reasonably be anticipated
23 at the time of removal.  *It* at 1035.

24      In the case at hand, the defendants have offered no accounting of potential loss that can be
25 *reasonably* anticipated at this time.  The potential value of the inventions at issue are too
26 speculative.  The patents have yet to be granted and the inventions have no market value.
27 Additionally, the defendants have offered no evidence to suggest what potential damages and
28 legal fees it may incur.

1     Therefore, it is hereby

2     **ORDERED** that this matter is **REMANDED** to the Clark County Superior Court. The Clerk is directed to send certified copies of this Order to the Clerk of Clark County Superior Court, and uncertified copies to all counsel of record.

    DATED this 3rd day of April 2007.

    _____
    RONALD B. LEIGHTON
    UNITED STATES DISTRICT JUDGE